| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Zachery** | **Sean** | **Travis** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Charlene** | | **Travis** |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | | **Eastern District of Texas** |
| Case number (if known) | **20-40313** | | |

**For amended plans only:**

☐ Check if this amended plan is filed prior to any confirmation hearing.

☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

_____

_____

## TXEB Local Form 3015-a

## CHAPTER 13 PLAN

Adopted: Dec 2017

| Part 1: | Notices |
|---|---|

**To Debtor[1]:**  This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ **Included** | ☑ **Not Included** |
| 1.2 | **Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan.** | ☐ **Included** | ☑ **Not Included** |
| 1.3 | **Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan.** | ☐ **Included** | ☑ **Not Included** |
| 1.4 | **Nonstandard provisions as set forth in Part 8.** | ☑ **Included** | ☐ **Not Included** |

---

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor _Travis, Zachery Sean; Travis, Charlene_____     Case number _20-40313_____

---

**Part 2:**  Plan Payments and Length of Plan

**2.1   The applicable commitment period for the Debtor is ___60___ months.**

---

**2.2   Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date$^2$ or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

---
$^2$ The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☑ **Constant Payments:**   The Debtor will pay ___$700.00___ per month for ___54___ months.

☐ **Variable Payments:**   The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

---

**2.3   Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

[*Check one*]

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

---

**2.4   Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1)   supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2)   remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

Debtor  Travis, Zachery Sean; Travis, Charlene                          Case number  20-40313

---

**2.5   Additional payments.**

[*Check one*]

☑      **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

---

**2.6   Plan Base.**
The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is      **$37,800.00**     which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the " **Plan Base.**"

---

## Part 3:   Treatment of Secured Claims

**3.1   Post-Petition Home Mortgage Payments.** *[Check one]*

❑      **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 and § 3.2 need not be completed.*

❑      **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 and § 3.2 need not be completed.*

☑      **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort.  **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a). [3]** The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

---
[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| **Bsi Financial Services** | 1308 Thoreau Ln<br>Allen, TX 75002 | <u>$1,615.00</u><br><br>Amount inc:<br>☑  Tax Escrow<br>☑  Insurance Escrow<br>❑  Other _____ | |

---

**3.2   Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]*

❑      **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

Debtor _Travis, Zachery Sean; Travis, Charlene_____     Case number _20-40313_____

☑ **Cure Claims.** On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan. While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim"). Each listed claim constitutes a separate class. The total amount of each allowed Cure Claim will be paid in full by the Trustee. The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below. No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan. The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

| Claimant<br>Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|
| **Bsi Financial Services**<br><br>❏ Debt Maturing During Plan Term.<br>☑ Debt Maturing After Completion of Plan Term.<br>❏ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1.<br>**Collateral Description**<br>1308 Thoreau Ln Allen, TX 75002 | $1,615.00 | $12,231.80 | 5.88 % | Pro-Rata | $13,066.56 |

*Insert additional claims as needed.*

**3.3   Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

❏   **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

☑   **910 Claims.** The claims listed below were either:

(1)   incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value,

and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make *pro rata* payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

TXEB Local Form 3015-a [eff. 12/2017] Chapter 13 Plan

Debtor  Travis, Zachery Sean; Travis, Charlene                    Case number  20-40313

Each 910 Claim constitutes a separate class. Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant<br>Collateral Description | Adequate<br>Protection Payment | 910 Claim<br>Amount | Plan<br>Interest<br>Rate | Equal<br>Monthly<br>Payment<br>by Trustee | Projected<br>Total<br>Payment<br>by Trustee |
|---|---|---|---|---|---|
| **AmeriCredit/GM Financial**<br>**Collateral Description**<br>2013 BMW X5 | | $27,132.00 | 5.25 % | Pro-Rata | $2,647.65 |
| **Global Lending Services LLC**<br>**Collateral Description**<br>2014 Volkswagen Jetta | | $14,518.89 | 5.25 % | Pro-Rata | $1,275.96 |
| **AmeriCredit/GM Financial**<br>**Collateral Description**<br>2013 BMW X5 | | $27,132.00 | 0.00 % | $647.00 | $0.00 |
| **Global Lending Services LLC**<br>**Collateral Description**<br>2014 Volkswagen Jetta | | $14,518.89 | 0.00 % | $345.00 | $0.00 |
| *Insert additional claims as needed.* | | | | | |

**3.4    Secured Claims Subject to § 506 Bifurcation.**

[*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5    Direct Payment of Secured Claims Not in Default.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

Debtor  Travis, Zachery Sean; Travis, Charlene                    Case number  20-40313

**3.6    Surrender of Property.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7    Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8    Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9    Lien Avoidance.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10    Rule 3012 Valuation of Collateral.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11    Lien Removal Based Upon Unsecured Status.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

**Part 4:**  Treatment of Administrative Expenses, DSO Claims and Other Priority Claims

**4.1    General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2    Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

Debtor  Travis, Zachery Sean; Travis, Charlene                    Case number  20-40313

---

**4.3   Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is  **$1,500.00** . The amount of **$1,500.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If attorney's fees are determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

---

**4.4   Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

---

**4.5   Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

---

**4.6   Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| Internal Revenue Service | ☐ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | Pro-Rata |

*Insert additional claims as needed.*

---

**Part 5:**  Treatment of Nonpriority Unsecured Claims

**5.1   Specially Classed Unsecured Claims.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

---

Debtor Travis, Zachery Sean; Travis, Charlene                                  Case number 20-40313

**5.2   General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☑  **100% + Interest at   0.00 %  ;**

☐  **100% + Interest at _____  with no future modifications to treatment under this subsection;**

☐  *Pro Rata* **Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3   Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately _____ **$0.00** _____. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

**Part 6:**  Executory Contracts and Unexpired Leases

**6.1   General Rule – Rejection**. The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

[*Check one*]

☑  **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

**Part 7:**  Vesting of Property of the Estate

**7.1**  Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

**Part 8:**  Nonstandard Plan Provisions

☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void* **unless the "Included" box is checked in § 1.4 of this Plan.**

Non-Standard ED - Debtors may not incur any post-petition consumer debt, except upon written approval of the Trustee as follows: For purchase of a car: limit of $20,000.00 financed with monthly payment not to exceed $500.00. For purchase of home: limit of $250,000 financed with total monthly payment Including taxes and insurance not to exceed $2,500.00 Debtors must be current on plan payments and provide an amended budget that includes the proposed payment and updated income information. The Trustee cannot approve any request that exceeds the current budget expenditure for the particular debt or expense. Debtors must file a motion to incur debt if the request does not fall within the guidelines as stated above.

Debtor  Travis, Zachery Sean; Travis, Charlene                                    Case number  20-40313

| Part 9: | Miscellaneous Provisions |

**9.1**  **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**  **Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt;  **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3**  **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

| Part 10: | Signatures |

**X**          /s/ Christopher Migliaccio                              Date          03/03/2020
**Signature of Attorney for Debtor(s)**

**X**          /s/ Zachery Sean Travis                              Date          03/03/2020

**X**          /s/ Charlene Travis                              Date          03/03/2020
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

***By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.***

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |

I hereby certify that the above and foregoing document was served upon all of the parities as listed on the attached master mailing (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on       03/03/2020      .

                                        **X**          /s/ Christopher Migliaccio
                                        **Signature of Attorney for Debtor(s)**

**United States Bankruptcy Court**
**Eastern District of Texas**

In re  Zachery Sean Travis and Charlene Travis
                      Debtor(s)

Case No.  **20-40313**

Chapter.  **13**

# CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):

**Chapter 13 Plan**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail,
postage prepaid, on 03/03/2020.


 3/3/2020

 /s/ Christopher Migliaccio
Christopher Migliaccio
Bar Number: 24053059
3600 Shire Blvd 205
Richardson, TX 75082
Phone: (972) 205-9750
Email: christopher@wmtxlaw.com

Label Matrix for local noticing
0540-4
Case 20-40313
Eastern District of Texas
Sherman
Tue Mar  3 15:34:37 CST 2020

Plano - U. S. Bankruptcy Court
Suite 300B
 660 North Central Expressway
Plano, TX 75074-6795

1st Tx Auto
635 Fritz Drive
Coppell, TX 75019-4480

Ad Astra Recovery
7330 West 33rd Street North Suite 118
Wichita, KS 67205-9370

Ad Astra Recovery Services Inc
8918 W 21 Street N, Suite 200 PMB 303
Wichita, KS 67205-1880

Affiliate Asset Solutions
145 Technology Parkway NW Ste 100
Peachtree Corners, GA 30092-3536

(p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN
PO BOX 183853
ARLINGTON TX 76096-3853

AmeriCredit/GM Financial
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

BSI Financial Services
PO Box 679002
Dallas, TX 75267-9002

Bsi Financial Services
Attn: Bankruptcy
PO Box 517
Titusville, PA 16354-0517

Caine & Weiner
Attn: Bankruptcy 5805 Sepulveda Blvd
Sherman Oaks, CA 91411-2546

Commonwealth Financial Systems
Attn: Bankruptcy 245 Main Street
Dickson City, PA 18519-1641

Credence Resource Management
17000 Dallas Parkway Suite 204
Dallas, TX 75248-1940

Credit One Bank
PO Box 60500
City of Industry, CA 91716-0500

Credit Systems International, Inc
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004-1088

Credit Union of Tex
Attn Bankruptcy
PO Box 517028
Dallas, TX 75251-7028

Discover Financial
PO Box 3025
New Albany, OH 43054-3025

Enhanced Recovery Corp
Attn: Bankruptcy 8014 Bayberry Road
Jacksonville, FL 32256-7412

Equifax
P.O. Box 740241
Atlanta, GA 30374-0241

Experian
P.O. Box 4500
Allen, TX 75013-1311

GM Financial
PO Box 78143
Phoenix, AZ 85062-8143

Genesis FS Card/Kay Jewelers
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

(p)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

Intercoastal Financial
7954 Transit Rd. #144
Williamsville, NY 14221-4117

Internal Revenue Service
Centralised Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

MRS BPO
Attn: Bankruptcy 1930 Olney Ave
Cherry Hill, NJ 08003-2016

Midland Fund
Attn: Bankruptcy 350 Camino De La Reine
San Diego, CA 92108-3007

Mr. Cooper
Attn: Bankruptcy 8950 Cypress Waters Blv
Coppell, TX 75019-4620

NCB Management Services
Attn: Bankruptcy One Allied Drive
Trevose, PA 19053

NTTA
PO Box 660244
Dallas, TX 75266-0244

(p)NEW YORK COMMUNITY BANK
ATTN BANKRUPTCY DEPT
1801 E 9TH ST
CLEVELAND OH 44114-3107

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Prestige Default Services
600 E John Carpenter Freeway #175
Irving, TX 75062-3900


RISE Credit
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185-1808

Resurgent
Care Of Resurgent Capital Serv
Greenville, SC 29602

Shellpoint Mortgage Servicing
Attn: Bankruptcy
PO Box 10826
Greenville, SC 29603-0826


Speedy Cash
PO Box 780408
Wichita, KS 67278-0408

Speedy/Rapid Cash
P.O. Box 780408
Wichita, KS 67278-0408

Sterling Jewelers, Inc.
Attn: Bankruptcy
PO Box 1799
Akron, OH 44309-1799


TD Auto Finance
PO Box 551080
Jacksonville, FL 32255-1080

Target
Attn: Bankruptcy
PO Box 9475
Minneapolis, MN 55440-9475

Texas Health Resources
by American InfoSource as agent
as assignee of TEXAS HEALTH PRESBYTERIAN
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901


Texas Medicine Resources
PO Box 8549
Fort Worth, TX 76124-0549

TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19016-2000

U.S. Bank Trust N.A., Trustee of Lodge Serie
c/o BSI Financial Services
1425 Greenway Drive, # 400
Irving, TX 75038-2480


US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United Revenue Corp.
204 Billings Street Suite 120
Arlington, TX 76010-2495

Woodforest National Bank
PO Box 7889
The Woodlands, TX 77387-7889


Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

Charlene Travis
1308 Thoreau Ln
Allen, TX 75002-2925

Christopher Migliaccio
Warren & Migliaccio LLP Attorneys at Law
3600 Shire Blvd
Suite 205
Richardson, TX 75082-2239


Zachery Sean Travis
1308 Thoreau Ln
Allen, TX 75002-2925


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


AmeriCredit Financial Services, Inc.
dba GM Financial
P O Box 183853
Arlington, TX 76096

Global Lending Services
PO Box 935538
Atlanta, GA 31193-5538

(d)Global Lending Services LLC
Attn: Bankruptcy
PO Box 10437
Greenville, SC 29603

New York Community Bank
Attn: Bankruptcy 615 Merrick Avenue
Westbury, NY 11590

Portfolio Recovery
Attn: Bankruptcy 120 Corporate Blvd
Norfold, VA 23502

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)U.S. Bank Trust National Association, as T

End of Label Matrix
Mailable recipients    51
Bypassed recipients     1
Total                  52